IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN GALLOWAY : <br> 200 ELMIRA STREET, SW : <br> APT. 104 : <br> WASHINGTON, DC 20032 : <br> : <br> On behalf of herself and other similarly : <br> situated employees : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CHUGACH GOVERNMENT SERVICES, INC : <br> 3800 CENTERPOINT DRIVE, SUITE 1200 : <br> ANCHORAGE, AK 99503 : <br> : <br>     Serve: CT Corporation System : <br>            1015 15th Street, NW : <br>            Suite 1000 : <br>            Washington, DC 20005 : <br> : <br> Defendant. : | Case No._____ |

COMPLAINT

COMES NOW, Plaintiff, Carolyn Galloway, by and through his undersigned counsel and hereby sues Chugach Government Services, Inc. for violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., the DC Minimum Wage Act, DC Code. §32-1001, et. seq. and the DC Wage Payment and Collection Law, DC Code §32-1301, et.seq. for unpaid overtime wage and liquidated damages.

PARTIES

1. Plaintiff is an adult resident of the District of Columbia.

1

2.       Defendant is an Alaska Corporation with its principal place of business located in Anchorage, Alaska. Defendant is properly licensed and registered to conduct business in the District of Columbia and maintains a regular place of business, Potomac Job Cort, 1 DC Village Lane, Washington, DC.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

4.       Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

5.       Plaintiff was employed by Defendant from 2003 through December 20, 2014, as a Resident Advisor.

6.       Upon information and belief, Defendant employs approximately 20 individuals in the same or similar position, Resident Advisor, as Plaintiff.

7.       Plaintiff and other similarly situated employees' primary duty consisted of overseeing and assisting the residents in the Potomac Job Corps dormitories.

8.       Plaintiff and other similarly situated employees worked 5 shifts per week, 9 hours per shift.

Meal Breaks

9.       Defendant maintained an unlawful policy and procedure of automatically one hour per shift for meal breaks, regardless of whether Plaintiff and similarly situated employees actually received the one hour meal break.

10. Plaintiff and other similarly situated employees were regularly required to remain in the dormitories during their meal breaks if there was not adequate coverage (at least one Resident Advisor per floor) at all times.

11. Plaintiff and other similarly situated employees were regularly denied their meal breaks because they were not totally relieved of duty, able to leave their job locations during their meal breaks.

12. Plaintiff and other similarly employees were required to remain in the office/desk location of the dormitory during meal breaks to buzz residents into the building, answer the phone and answer questions from residents, performing work predominantly for the benefit of Defendant, during their meal breaks.

13. Plaintiff and other similarly situated employees were required to work through their meal breaks between 3-5 times per week.

14. Despite being forced to work through their meal breaks, Defendant automatically deducted one hour per shift and failed and refused to compensate Plaintiff and other similarly situated employees for this work time.

Extra Work at End of Shifts

15. Plaintiff and other similarly situated employees were not allowed to leave their work locations at the end of their shifts if the employee on the next shift had not arrived.

16. Defendant maintained an unlawful practice and procedure of not allowing Plaintiff and other similarly situated employees from recording this time.

17. Despite being required to stay until the next shift arrived, Plaintiff and other similarly situated employees were not permitted to record this additional time or be compensated for this additional time.

<u>No Overtime Pay for Extra Shifts (hours in excess of 40 in any given week)</u>

18. Plaintiff and other similarly situated employees regularly more than 5 shifts per week.

19. When Plaintiff and other similarly situated employees worked additional shifts, they were only compensated at their straight hourly rate, despite working in excess of 40 hours in weeks where Plaintiff and similarly situated employees worked in excess of 5 nine hour shifts.

20. Defendant maintained an unlawful policy and procedure of not paying overtime wages for work on excess of 40 hours in any given week.

21. Defendant's payroll system would not accept any time entries that did not include a one hour break for a meal during a shift or any time entries that resulted in excess of 40 recorded hours for any week, in clear violation of the Fair Labor Standards Act and DC law.

22. Plaintiff was paid at an hourly rate of $15.76/hour.

23. Plaintiff and other similarly situated Resident Associate employees routinely worked in excess of 40 hours per week and were not paid overtime at 1.5 times their regularly hourly rate as required by law.

24. Defendant has failed to pay Plaintiff and other similarly situated overtime at 1.5xs their normal hourly rate for a period of more than 3 years.

25. Plaintiff worked at least 250 hours of overtime per year during the 3 years immediately preceding the filing of this complaint.

26. Plaintiff and other similarly situated employees are entitled to their unpaid overtime plus an amount in liquidated damages and their reasonable costs and attorneys' fees.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION FO THE FLSA

27. At all times relevant to this action, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

28. At all times relevant to this action, Defendant was an employer as defined by §203(d) of the FLSA.

29. At all times relevant to this action, Plaintiff and others similarly situated were employees as defined by §203(e)(1) of the FLSA and worked for Defendant in the United States.

30. Plaintiff and other similarly situated employees' primary duty does not fall within exemption to the FLSA and therefore, Plaintiff and other similarly situated employees are not exempt and are entitled to be overtime at 1.5 times their hourly rate for any hours in excess of 40 that they work in any week.

31. The provisions set forth in §§206 and 207 of the FLSA apply to Defendant, Plaintiff and all similarly situated employees who were covered by the FLSA while they were employed by Defendant.

32. Plaintiff and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

33. Defendant has failed and refused to pay Plaintiff and other similarly situated employees according the provision of the FLSA.

34. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

35. Defendant has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the FLSA.

36. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join this lawsuit. Those similarly situated employees and former employees are readily known, identifiable and locatable by Defendant.

37. All employees and former employees of Defendant who were not paid overtime despite working more than 40 hours in any given week would benefit from Court-Supervised Notice and the opportunity to join this lawsuit and should be so notified.

38. Defendant has engaged in a widespread pattern and practice of violating the FLSA by failing to pay overtime compensation to Plaintiff and others similarly situated.

39. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

40. In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, they are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

41. Defendant's actions in failing to compensate Plaintiff and others similarly situated, in violation of the FLSA, were willful and intentional.

42. Defendant has not made a good faith effort to comply with the FLSA.

43. Plaintiff and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

COUNT II
### VIOLATION OF THE DC MINIMUM WAGE ACT, DC CODE §32-1001, ET SEQ. AND THE DC WAGE PAYMENT AND COLLECTION LAW, DC CODE §32-1301

44. Defendant has failed and refused to pay Plaintiff and other similarly situated employees according the provisions of the DC Minimum Wage and the DC Wage Payment and Collection Law.

45. The systems, practices and duties required of Plaintiff and similarly situated employees, while employed at Defendant have existed for at least three years.

46. Defendant has been aware of the requirements of the DC Minimum Wage Act and the DC Wage Payment and Collection Law and their applicable regulations.  Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the DC Minimum Wage Act and DC Wage Payment and Collection Law.

47. Plaintiff and other similarly situated employees are entitled to the amount of unpaid overtime wages, plus an amount of liquidated damages equal to their unpaid overtime, prejudgment interest and attorneys fees.

48. Plaintiff and other similarly situated employees are entitled to have their claims addressed as a collective action, pursuant to applicable law.

WHEREFORE, Plaintiff and other similarly situated persons, pursuant to §216(b) of the FLSA as well the applicable provisions of the DC Minimum Wage Act and the DC Wage Payment and Collection Law, respectfully requests that this Court:

A. Issue an order at the soonest possible time to all of Defendants Resident Advisor employees during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and their right to opt-into this claim if they worked as Resident Advisors,

worked more than 40 hours in any given week, and were not compensated for working such hours in excess of 40 in any week, pursuant to 29 U.S.C. §216(b);

  B. That all such plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), plus prejudgment interest;

  C. Award Plaintiffs all costs and expenses of this litigation, including attorneys' fees;

  D. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: June 23, 2015

            Respectfully Submitted,

            /s/Neil S. Hyman_____
            Neil S. Hyman, Esquire
            DC Bar No. 465047
            Law Office of Neil S. Hyman, LLC
            4416 East West Highway, Suite 400
            Bethesda, Maryland 20814
            301-841-7105 (p)
            301-986-1301 (f)
            neil@neilhymanlaw.com
            *Counsel for Plaintiff*