UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAROLYN GALLOWAY, *et al*.,<br><br>           Plaintiffs,<br><br>     v.<br><br>CHUGACH GOVERNMENT SERVICES, INC.,<br><br>           Defendants. | Civil Action No. 15-979 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Carolyn Galloway, Desiree McKeiver, and Carlette Ososanya are current or former employees of Chugach Government Services, Inc. ("Chugach"). Plaintiffs allege that they frequently worked more than 40 hours per week without receiving overtime pay in violation of the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act ("DCMWA"). Chugach seeks to dismiss the complaint, arguing that it lacks the type of detail required to state a claim under the FLSA or the DCMWA. And, Chugach further contends that, even if the core allegations of the complaint were sufficient, it lacks any non-conclusory allegations in support of Plaintiffs contention that the alleged violations were willful.[1] For the reasons explained below, the Court will deny Chugach's motion.

---

[1] Chugach also argues that Plaintiffs' request for "court-supervised notice to putative collective members" is premature. Dkt. 8-1 at 2. But, as Plaintiffs note, they have not yet asked the Court to take any action with respect to any similarly situated employees. Dkt. 9 at 7–8. Accordingly, this issue is not for ripe for review.

## I.  BACKGROUND

For purposes of Chugach's motion to dismiss, the following allegations from the Plaintiffs' second amended complaint are taken as true.  *See, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).[2]

Galloway was employed by Chugach as a Resident Advisor from 2003 through December 2014.  Compl. ¶ 5.  Ososanya held the same position from 2009 through April 2015, and McKeiver has worked as a Resident Advisor since 2010 and remains a Chugach employee.  *Id.* ¶¶ 6–7.  Plaintiffs estimate that about 20 more people work in the same or similar positions.  *Id.* ¶ 8.  Resident Advisors "oversee[] and assist[] the residents in the Potomac Job Corps dormitories."  *Id.* ¶ 9.  Both Plaintiffs and the similarly situated employees were scheduled to work five eight-hour shifts per week; each shift was scheduled to last a total of nine hours, but included a one-hour meal break.  *Id.* ¶¶ 10-11.

Despite this standard, 40-hour per week schedule, Plaintiffs allege that they often worked extra hours for which they did not receive compensation.  They allege that they were often (three to five times a week) required to work during their meal breaks but that Chugach deducted one hour per shift regardless of whether they actually received a break.  *Id.* ¶¶ 11–16.  They allege that they were often (as many as four to five days a week) required to work for 20–30 minutes beyond their scheduled shifts while they waited for their "relief" to arrive but did not receive compensation for this extra work.  *Id.* ¶¶ 17–21.  And finally, they allege that they were "regularly" required to work more than five shifts per week but were not paid overtime wages for work performed in excess of 40 hours per week.  *Id*. ¶¶ 22–29.

---

[2] All citations to the complaint are to the amended complaint found at Dkt. 7.

Overall, Plaintiffs allege that they (and other similarly situated employees) "were regularly denied approval for overtime" even though they "worked at least 250 hours of overtime per year during the [three] years immediately preceding the filing of [the] complaint." Compl. ¶¶ 32, 34. Invoking both the FLSA, 29 U.S.C. § 201, *et seq.*, and the DCMWA, D.C. Code § 32-1001, *et seq.*, they seek their unpaid, overtime wages and benefits; an additional, equal amount as liquidated damages; prejudgment interest; and attorneys' fees and costs.

## II.  DISCUSSION

Arguing that the standards applicable under the FLSA and the DCMWA are "virtually identical," Dkt. 8-1 at 7 n.2, Chugach devotes its attention to attacking the adequacy of Plaintiffs' FLSA claim. If that claim fails on the pleadings, according to Chugach, so must Plaintiffs' DCMWA claim. At least for present purposes, the Court agrees that the sufficiency of both counts of the complaint rise or fall together. *See Calles v. BPA E. US, Inc.*, Civ. No. 91-2298, 1991 WL 274268, at *1 (D.D.C. Dec. 6, 1991) ("[The DCMWA] contains many of the same provisions that appear in [the] FLSA, and there is legislative history evidence that it is to be construed consistently with [the] FLSA."). For the reasons explained below, however, the Court concludes that both counts satisfy the pleading requirements set forth in Rule 8(a).

**A.     The Adequacy of Plaintiffs' FLSA Claim**

The FLSA "ordinarily requires employers to pay employees time-and-one-half for hours worked beyond [40] per week unless the employees are exempt." *Robinson-Smith v. Gov't Emps. Ins. Co.,* 590 F.3d 886, 888 (D.C. Cir. 2010); *see* 29 U.S.C. § 207(a); *cf.* D.C. Code § 32-1003(c). Here, Chugach has not argued that Plaintiffs are exempt employees. Accordingly, Plaintiffs can state a claim by alleging that (1) Chugach employed them; (2) the company is an enterprise engaged in interstate commerce covered by the FLSA or the law otherwise covers

Plaintiffs; (3) Plaintiffs worked more than 40 hours in a work week; and (4) Chugach did not pay them overtime wages.  *See, e.g.*, *Pruell v. Caritas Christi,* 678 F.3d 10, 12 (1st Cir. 2012); *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Driscoll v. George Wash. Univ.*, 42 F. Supp. 3d 52, 58 (D.D.C. 2012).

Chugach does not dispute that Plaintiffs have adequately pled the first, second, and fourth elements of an FLSA claim.  Instead, it argues that Plaintiffs' complaint fails to include sufficient detail regarding the number of hours they allegedly worked, Chugach's timekeeping policy, whether Plaintiffs complained about Chugach's overtime policies, what response they received to any such complaints, and whether their hourly pay varied over the relevant period. Dkt. 8-1 at 7.  As explained below, the Court concludes that the complaint contains sufficient detail to state a claim.

Although it was once sufficient for a plaintiff merely to recite the elements of her cause of action, *see Conley v. Gibson,* 355 U.S. 41, 47 (1957), current law requires that "a complaint . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) (internal citation omitted)).  A claim is facially plausible if it recites "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).  It is well-settled, moreover, that the Court need not accept as true any legal conclusions disguised as factual allegations, "'naked assertion[s]' devoid of 'further factual enhancement,'" or a "'formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

4

The district courts are split, however, regarding how this pleading requirement applies to claims arising under the FLSA.  *See Landers v. Quality Comms., Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (noting split).  Some district courts, including those that Chugach relies upon, have held that an FLSA plaintiff must identify with varying degrees of detail the actual or approximate overtime hours worked and the circumstances surrounding the alleged violation, while others simply require that the plaintiff allege that she worked in excess of 40 hours per week and did not receive overtime compensation.  *Id.*; *compare, e.g.*, *Mell v. GNC Corp.*, Civ. No. 10-945, 2010 WL 4668966, at *5–*9 (W.D. Pa. Nov. 9, 2010), *with Butler v. DirestSat USA, LLC*, 800 F. Supp. 2d 662, 667–68 (D. Md. 2011).

In the Court's view, there is no reason to treat an FLSA claim in a manner different from any garden-variety claim.  Plaintiffs' complaint must therefore "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47), allege sufficient facts to establish that the claim is at least plausible, *id.* at 570, and avoid undue reliance on "labels and conclusions," *id*.  This does not mean, however, that a complaint must contain "detailed factual allegations," *id.*, of the type Chugach would require—and that some courts have required, *see, e.g.*, *Mell*, 2010 WL 4668966, at *5–*9.  Nothing in Rule 8(a) or in any Supreme Court or D.C. Circuit precedent imposes special pleading requirements in FLSA cases.  Neither Rule 8(a) nor any controlling precedent demands, as Chugach posits, that an FLSA plaintiff allege *who* told her about her employer's policy regarding overtime hours, *when* she was told that she was required to work without recording overtime hours, *how* her employer's policy was imposed, or approximately *how may* overtime hours she worked each week without compensation.  *Cf*. Dkt 8-1 at 6 (quoting *Mell*, 2010 WL 4668966, at *9).  That type of particularity is required to plead fraud under Federal Rule of Civil

5

Procedure 9(b), *see, e.g.*, *Stevens v. InPhonic, Inc.*, 662 F. Supp. 2d 105, 114 (D.D.C. 2009) (explaining that a complaint alleging fraud or mistake must "provide a defendant with notice of the 'who, what, when, where, and how' with respect to the circumstances of the fraud" to satisfy Rule 9(b)'s heightened pleading standard (internal quotation marks omitted)), but not to plead a FLSA claim under Rule 8.

Except in the narrow class of cases governed by Rule 9(b), the relevant question is simply whether the complaint includes sufficient detail to satisfy the "plausibility" standard and to provide fair notice to the defendant about the substance of the plaintiff's claim. Neither of those considerations requires the type of specifics that Chugach would demand. To the contrary, as Judge Huvelle observed in a similar case, requiring a plaintiff to allege the specific number of hours she worked "adds nothing as far as the plausibility standard is concerned." *Driscoll*, 42 F. Supp. 3d at 58–59. There is no *de minimis* exception to the FLSA, and thus a failure to identify the full extent of the violation does not render a claim implausible. And, although it might aid an FLSA defendant to know the actual number of overtime hours that the plaintiff claims to have worked, that information is not necessary to put the defendant on notice about the nature of the plaintiff's claim. *Id*.

Here, Plaintiffs' complaint comfortably satisfies the usual pleading standard. It alleges three different circumstances giving rise to Plaintiffs' claims: Churgach's failure to credit the Resident Advisors for time worked during their supposed "meal breaks"; its failure to compensate the Resident Advisors for time worked at the end of their shifts while they awaited for relief to arrive; and its failure to pay overtime even when Resident Advisors worked more than five, eight-hour shifts a week. Compl. ¶ 34. The complaint, moreover, makes some effort at quantifying these asserted violations, alleging that the Resident Advisors typically worked

through their meal breaks three to five times a week; that they were required to work beyond the end of their scheduled shifts "as many as" four to five "days per week;" and that they were "regularly" required to work more than five shifts per week. *Id.* ¶¶ 11–29.  Finally, the complaint specifies that "Plaintiffs and other similarly situated" employees "worked at least 250 hours of overtime per year" over the course of the three-year period of time covered by the complaint. *Id.* ¶ 32.

Given these factual allegations, the Court has little trouble concluding that Plaintiffs have provided "adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S.at 678).

**B.      Willfulness and the Statute of Limitations**

Chugach also argues that, even if Plaintiffs have stated a claim for relief under the FLSA, they have not adequately pled "a plausible factual basis on which to justify a claim of willfulness." Dkt. 8-1 at 7.  If correct, that failure would preclude Plaintiffs from seeking relief for a third year of alleged violations under the FLSA's two-tiered statute of limitations.  *Id.*  As explained below, the Court rejects this contention as well.

The FLSA provides different statutes of limitations for "ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988).  In an "ordinary" case, the action must be commenced within two years, but where a violation is "willful" the plaintiff may bring suit "within three years after the cause of action [has] accrued."  29 U.S.C. § 255(a). Recognizing that Congress intended to maintain a meaningful "distinction between willful and nonwillful violations," the Supreme Court has held that a violation of the FLSA is "willful" only if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Richland Shoe*, 486 U.S. at 133.  It is not enough that the

employer knew that "the FLSA was in the picture." *Id.* at 132–33 (internal quotation marks omitted). Nor is it not enough that "the employer, recognizing it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute." *Id.* at 134. A plaintiff must be able to show that her employer was aware of its obligations under the FLSA and chose not to comply with the law or recklessly disregarded its statutory duties.

Chugach argues that Plaintiffs' complaint fails adequately to allege a claim for a willful violation of the FLSA for two reasons. First, it argues that the complaint is at odds with *Richland Shoe* because it does nothing more than allege an "underlying violation" of the FLSA and that Chugach had "general knowledge" of the law's requirements. Dkt. 8-1 at 10. Second, it argues that the complaint is at odds with *Iqbal* and *Twombly* because it offers nothing more than labels and conclusions with respect to the willfulness requirement. *Id.* at 9.

Chugach's first argument correctly characterizes *Richland Shoe* but misreads the complaint. It is not enough, as Chugach stresses, for a plaintiff to allege facts that merely show that the employer knew that the FLSA "was in the picture," yet failed to comply. *Richland Shoe*, 486 U.S. at 132–33 (internal quotation marks omitted). Chugach, however, mistakenly equates that noncontroversial statement of the law with Plaintiffs' allegation that Chugach was "aware of the requirements of the FLSA and its regulations, [but] [d]espite this knowledge, . . . failed and refused to pay its employees in accordance with the FLSA." Compl. ¶ 43. Drawing all inferences in Plaintiffs' favor, as the Court must at this stage of the proceeding, *Hishon*, 467 U.S. at 73, Plaintiffs' allegation is best understood to assert that Chugach was aware of its obligation to pay its employees overtime compensation and that, "[d]espite this knowledge," it refused to do so. Compl. ¶ 43. So construed, the complaint adequately alleges that Chugach "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Richland Shoe*, 486

U.S. at 133; *cf. Coston v. Plitt Theatres, Inc.*, 860 F.2d 834, 837 (7th Cir. 1988) ("The term 'knew' in [the willfulness standard] refers to the fact that the employer knew he was violating the ADEA, not to the fact that he was aware of the Act.  It is already well-established that a plaintiff cannot prove willfulness merely by demonstrating that an employer 'knew' of the ADEA.").[3]

Chugach is on firmer ground in arguing that Plaintiffs' allegations of a willful violation invoke little more than labels and conclusory statements, although the Court is, once again, convinced that the complaint contains sufficient detail to survive a motion to dismiss.  As Chugach correctly observes, Plaintiffs' allegations of willfulness are sparse.  The complaint alleges, for example, that Chugach's "systems, practices and duties" were "willful and intentional," Compl. ¶ 42; that Chugach "has been aware of the requirements of the FLSA and its regulations" but has nevertheless "failed and refused to pay its employees in accordance with the FLSA," *id.* ¶ 43; and that Chugach's failure to pay Plaintiffs and their coworkers for overtime work "in violation of the FLSA" was "willful and intentional," *id.* ¶¶ 49–50.

Plaintiffs do not dispute that the complaint fails to identify a smoking gun of a willful violation.  There is no allegation, for example, that Chugach documented a decision not to comply in a memorandum or policy or that it turned away complaints of noncompliance with specified provisions of the FLSA without explanation.  Instead, Plaintiffs argue that the question of willfulness is a highly fact-specific inquiry that should be "left to the ultimate trier of fact." Dkt. 9 at 6–7; *see also Figueroa v. District of Columbia*, 923 F. Supp. 2d 159, 167 (D.D.C. 2013) ("The determination of willfulness is necessarily fact-specific."); *Youngblood v. Vistronix,*

---

[3] The Supreme Court has held that the definition of "willful" in the ADEA is the same as the definition applied for purposes of the FLSA. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128–29 (1985).

*Inc.*, No. 05-cv-21, 2006 WL 2092636, at *5 (D.D.C. July 27, 2006) (same). Thus, according to Plaintiffs, a well-pled claim for a willful violation of the FLSA requires, at most, factual allegations that "taken as a whole, 'support more than an ordinary FLSA violation.'" Dkt. 9 at 7 (quoting *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10–cv–2354, 2010 WL 2735655, at *12 (D.N.J. July 8, 2010)). It is, of course, true that a claim of willfulness requires more than an ordinary violation of the FLSA. The question, though, is what "more than ordinary" means.

Courts have recognized that allegations regarding an opposing party's state of mind are inevitably fraught. For this reason, Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). But as the Supreme Court has cautioned, "'generally' is a relative term," and, "[i]n the context of Rule 9" it merely relieves "a party from pleading" state of mind "under an elevated pleading standard." *Iqbal*, 556 U.S. at 686. Rule 9(b), accordingly, "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Id.* at 686–87. Those strictures require that the plaintiff allege facts, and not simply labels or conclusions, sufficient to support a plausible claim of willful misconduct. But they also eschew the type of specificity required under Rule 9(b) and, more importantly, entitle the plaintiff to "the benefit of all [plausible] inferences that can derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). In assessing the "plausibility" of those inferences, moreover, the Court must be cognizant that those engaged in knowing violations of the law seldom announce that fact and that it is not the Court's role to act as factfinder. *See Serrano v. Chicken-Out Inc.*, No. 15-cv-0276, 2016 WL 3962800, at *4 (D.D.C. July 22, 2016); *Cabrera v. B & H Nat'l Place, Inc.*, No. 14-cv-01885, 2015 WL 9269335, at *3 (D.D.C. Sept. 28, 2015); *Wilson v. Hunam Inn, Inc.*, 126 F. Supp. 3d 1, 7 (D.D.C. 2015); *Figueroa*, 923 F. Supp. 2d at 167; *Youngblood*, 2006 WL

2092636, at *5. As a result, the Court must consider whether the factual allegations of the complaint permit the reasonable inference that Chugach "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the" FLSA. *Richland Shoe*, 486 U.S. at 133.

The Court concludes that Plaintiffs have alleged facts sufficient to support a plausible inference that Chugach knew it was violating the FLSA or showed reckless disregard to the matter. Plaintiffs allege that they were "forced to regularly and routinely work through their meal breaks," that they "were not allowed to leave their work locations at the end of their shifts," that they "were not permitted to record this additional time," that Chugach "maintained an unlawful policy and procedure of not paying overtime wages," and that Chugach's "payroll system would not accept any time entries . . . that resulted in excess of 40 records hours for any week." Compl. ¶¶ 11–28. Even more importantly, the complaint permits the inference that Chugach was aware that any work beyond a 40-hour work week would impose unique burdens on it. The complaint alleges, for example, that employees were "regularly denied approval for overtime" for work performed in excess of 40 hours per week, at least suggesting that Chugach knew that it had to pay overtime wages in such a situation. *Id.* ¶ 34. Although more may be required to prevail at trial—or on summary judgment—these allegations are sufficient to give rise to a *plausible* inference that Churgach knew that it was required to pay overtime wages under the FLSA but failed to do so.

## CONCLUSION

For the foregoing reasons, Chugach's motion to dismiss, Dkt. 8, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 4, 2016