IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLYN GALLOWAY, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: |
| | : | 1:15-cv-0979-RDM |
| CHUGACH GOVERNMENT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

## PROTECTIVE ORDER

Because discovery activity in the above-captioned action (the "Litigation") is likely to involve the production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation is warranted, and pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated by the parties and **ORDERED** by this Court that the following terms and conditions shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this Litigation:

1.  **Definitions.**

    a.  "Producing Party" means any party or non-party that discloses or produces documents or information in this Litigation, including any non-party producing information or material voluntarily or pursuant to a subpoena or court order in connection with this Litigation.

    b.  "Receiving Party" means any party that receives documents or information produced by a Producing Party.

c.   "Outside Counsel" means outside counsel who appear on the pleadings in this Litigation as counsel for a party, and partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Litigation.

d.   "Subject Discovery Material" means information, documents, electronically stored information, imaged materials, testimony, interrogatory answers, hearing transcripts, declarations, affidavits, reports, briefs, motions, and other documents or information (other than information that is publicly known or available) disclosed in this Litigation and designated as in need of confidential treatment and protection according to the terms of this Protective Order.

e.   "Confidential Designation" means Subject Discovery Material containing a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation according to the terms of this Protective Order.

2.   **Applicability of Protective Order**.  This Protective Order shall govern the disclosure, use, and handling of all Subject Discovery Material containing Confidential Information and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party.  This Protective Order shall apply to and be binding upon all parties and any director, officer, employee, contractor, or agent of any of the parties to this Litigation, as well as all Outside Counsel to the parties, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such Outside Counsel, or any agent or outside contractor of such outside counsel.  This Protective Order shall also apply to any persons who sign the undertaking in the form of Exhibit A.

2

3.    **Meaning of Designations**.   For the purposes of this Protective Order, "CONFIDENTIAL" information means any information or material that a Producing Party reasonably believes in good faith contains confidential, proprietary, and/or private information. For the purposes of this Protective Order, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means any information or material that a Producing Party reasonably believes in good faith contains information of an extremely sensitive nature that could cause competitive, economic, or personal harm or constitute an invasion of privacy if disclosed to any party to this Litigation. The designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply, but not be limited, to information that is subject to agreements with third parties that prevent disclosure absent precautions to preserve the confidentiality of that information.

4.    **Access to "CONFIDENTIAL" Information**.   The Producing Party, including former employees or agents of the Producing Party, shall have full access to and the ability to use its own information that it designates as "CONFIDENTIAL." Absent written permission from the Producing Party or an order from this Court, information designated as "CONFIDENTIAL" shall be used by other parties solely for purposes of this Litigation and may be disclosed solely to the following persons:

    a.    Outside or in-house counsel for the parties in this Litigation and paralegal assistants, technical, administrative, and clerical employees working under direct supervision of such attorneys;

    b.    Third-party consultants engaged by counsel of record or a party to assist in this Litigation, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Litigation and further provided that such third-party

consultant signs an undertaking in the form of Exhibit A hereto prior to such disclosure and after advance notice to the Producing Party;

c.    Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording, or transcribing testimony that includes "CONFIDENTIAL" information;

d.    Any person who, on the face of the document to be disclosed, is identified as an author or authorized recipient of that document;

e.    Service contractors (such as document copy services, jury or trial consultants, database support groups, and exhibit preparation organizations);

f.    The Court and its staff, all appropriate courts of appellate jurisdiction and their staff, the jury, and stenographic and video reporters engaged in proceedings incident to this Litigation;

g.    Any mediator or arbitrator who is assigned to hear this matter, and his or her staff;

h.    A party, or the employees, officers, directors, and authorized representatives of a party or a party's affiliate who are actively assisting in the prosecution or defense in this Litigation, provided that such person signs an undertaking in the form of Exhibit A hereto; and

i.    Any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "CONFIDENTIAL," provided that such person signs an undertaking in the form of Exhibit A hereto.

5.      **Access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.**
The Producing Party, including former employees or agents of the Producing Party, shall have full access to and the ability to use its own information that it designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Absent written permission from the Producing Party or an order from this Court, information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by other parties solely for purposes of this Litigation and may be disclosed solely to the following persons:

  a.    Outside counsel for the parties in this Litigation and paralegal assistants, technical, administrative, and clerical employees working under direct supervision of such attorneys;

  b.    Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony that includes "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information;

  c.    Any person who, on the face of the document to be disclosed, is identified as an author or authorized recipient of that document;

  d.    Service contractors (such as document copy services, jury or trial consultants, database support groups, and exhibit preparation organizations);

  e.    The Court and its staff, all appropriate courts of appellate jurisdiction and their staff, the jury, and stenographic and video reporters engaged in proceedings incident to this Litigation;

  f.    Any mediator or arbitrator who is assigned to hear this matter, and his or her staff; and

5

g.      Any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that such person signs an undertaking in the form of Exhibit A hereto.

6.      **Storage and Copies of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**.  The recipient of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential/proprietary information.  "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Litigation.  All such copies, production, summaries, and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based.

7.      **Subpoena, Order, or other Request for "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**.  If a Receiving Party receives a subpoena, order, or other request seeking the production of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, such party shall immediately (but in no event later than three business days after receipt of the request) give written notice to the Producing Party who designated the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" of the pendency of such subpoena, order, or request and shall

6

furnish the Producing Party with a copy of said subpoena, order, or request so that the Producing Party may have an opportunity to appear and be heard on whether the information should be disclosed.

8.    **Designating "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**.    A Producing Party shall designate "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as follows:

a.    **Documents**.  In the case of documents produced in discovery, interrogatory answers, responses to requests for admissions, briefs, and the information contained therein, designation shall be made by placing the following legend (as applicable) on every page of any such document prior to production: "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY."  The foregoing shall not preclude the inclusion of additional text in such legend, such as "Subject to a Protective Order," or any other similar designation.  In the event that a party inadvertently fails to stamp or otherwise designate a document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of its production, that party may, within fourteen (14) days after becoming aware of the undesignated disclosure, designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by giving written notice to all parties.  Under such circumstances, all Receiving Parties who have made further disclosures of such documents shall comply with Paragraph 15 (below).  No Receiving Party shall have any other obligation or liability due to any disclosure of documents that

7

occurred prior to the receipt of such notice; provided, however, that any subsequent disclosures shall be in accordance with such designation.

b.   **Deposition Proceedings**. Testimony taken at a deposition, hearing, or trial may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding or in writing within fifteen (15) days of receipt of the final certified transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to label such portions appropriately. Video or DVD versions of the depositions will automatically be given or be deemed to have the same designation as the transcript. Deposition transcripts shall be treated by default as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

c.   **Non-Paper Media**. Any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as applicable). In the event a Receiving Party generates any hard copy transcription or printout

from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as applicable) and the hard copy, transcription, or printout shall be treated as it is designated.

9. **Submitting "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to the Court.** A party that files or intends to file with the Court, for purposes of adjudication or to use at trial, any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall file a motion with the Court to have those materials sealed in conformance with instructions given by the Clerk of the Court. In the event that the Court denies a request to seal any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, the parties shall meet and confer in good faith to resolve the issue in a manner that preserves the confidentiality of the information to the greatest extent practicable, including through redaction of the sensitive information.

10. **Challenging Designation of Materials.** Any party may at any time challenge the designation of Subject Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and contend that certain Subject Discovery Material is not entitled to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or that disclosure should be permitted in some manner not otherwise authorized herein. Such a challenge shall be made by notifying the Producing Party in writing. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. The parties shall meet and confer to make a good faith effort to resolve such dispute without intervention by the Court. If, after the parties confer regarding the informal challenge to

the Confidential Designation, the challenging party still believes that the designation should be withdrawn or modified, that party shall file a motion to lift the confidentiality protection on those portions of the Subject Discover Materials about which the parties disagree. The challenging party shall file the motion within fourteen (14) days from the date of the meet and confer. The Producing Party shall have the burden of establishing that the disputed Subject Discovery Materials are entitled to confidential treatment and that the Confidential Designation is proper. Subject Discovery Materials in dispute shall continue to be subject to confidential treatment as designated and as provided in this Protective Order unless and until the Court determines that the Subject Discovery Material is not entitled to confidential treatment or the designating party agrees in writing that the Subject Discovery Material is not entitled to confidential treatment as designated. The fact that a party agrees to abide by the terms of this Protective Order, and receives information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under it, shall not be deemed an admission by the Receiving Party that any information is correctly so designated.

11.     **No Application to Public or Otherwise Available Information**. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the same shall not, in fact, be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall not be subject to this Protective Order, if the substance thereof:

a.     At the time of disclosure, is public knowledge by publication or otherwise;

b.     Has become, at any time, and through no act or failure to act on the part of the Receiving Party and without breach of any obligation of confidence, public knowledge;

c.   Has previously been disclosed by the Producing Party in a manner that allows it to be viewed by the general public; or

d.   Has been made publicly available to the Receiving Party by a third person who obtained it by legal means and without any obligation of confidence to the Producing Party.

12.   **Exclusions.** Notwithstanding the foregoing, the restrictions on disclosure set forth in this Protective Order shall not:

a.   Restrict a Producing Party from using documents that it drafted or created in any way; or

b.   Prevent disclosure of any document to its original author or original recipient.

13.   **Use of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information Limited to this Litigation.** "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be used by the Receiving Party solely for the purpose of conducting this Litigation, and not for any other action or proceeding, nor for any business, competitive, personal, or other purpose whatsoever, and shall not be disclosed to the public or otherwise put into the public domain. No "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or the contents thereof, shall be disclosed to or used with any representative, agent, attorney, or employee of the Receiving Party, except as provided herein. Nothing contained in the Protective Order shall preclude the Producing Party from using or disseminating its own "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Nothing herein shall restrict in any way the ability of the parties to use material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" at trial, except that the parties reserve the right to request that the Court treat individual documents as confidential at trial. Nothing herein is intended to restrict the ability of counsel to use (in this Litigation and only as provided in this Protective Order) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials in examining or cross-examining any person who authored, received, or is named a recipient of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.

14. **Designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information by Receiving Party**. Within seven (7) business days after receipt of a production of information from any third party (such as by way of a subpoena of business or medical records), or any party in this Litigation, any Receiving Party that is a party to this Litigation may designate some or all of such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order.

15. **Inadvertent Disclosure**. The inadvertent, unintentional, or *in camera* disclosure or production of Subject Discovery Materials containing confidential information which are not designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment and shall be without prejudice to any claim that such confidential information should be designated as such. Similarly, the inadvertent, unintentional, or *in camera* disclosure or production of Subject Discovery Materials containing information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege shall not constitute a waiver, in whole or in part, of a claim that such materials are subject to the applicable privilege(s) and/or protection(s), provided that the Producing Party notifies the Receiving Party in writing within ten (10) days after discovery of such inadvertence or unintentional production or disclosure. Such

inadvertently or unintentionally produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the contents of such privileged or protected documents or information. No use shall be made of such documents or information in this Litigation. This provision also applies to information that was not marked at the time of disclosure, but was subsequently marked pursuant to Paragraph 14 above. In such event, the Receiving Party also shall:

a. Promptly inform such person(s) or party(ies) of all the provisions of this Protective Order;

b. Identify such person immediately to the Producing Party and inform them of all pertinent facts relating to such disclosure; and

c. Request such person to sign the acknowledgement in the form attached hereto as Exhibit A.

16. **Conclusion of Litigation**. Within sixty (60) days of the final disposition of this Litigation, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party shall either return to the Producing Party or destroy all "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information produced by the Producing Party, all work product containing such information, and all copies thereof. The sole exception to this requirement is that outside counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, trial transcripts, trial exhibits admitted into evidence.

17. **Protective Order Survives Termination of Litigation and this Court Retains Jurisdiction**. Expect as specifically provided herein, the terms, conditions, and limitations of this

Protective Order shall survive the termination of this Litigation. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of this Court made upon reasonable written notice. This Court retains jurisdiction, even after the termination or conclusion of this Litigation, to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as this Court may deem appropriate.

18.   **All Rights Reserved**. This Protective Order is without prejudice to the right of any party to seek other or further relief from this Court, including the right of any Party to present a motion to this Court for a separate protective order foreclosing/limiting certain discovery, or a motion to quash a subpoena, or to assert objections to discovery.

19.   **No Waiver of Right to Object**. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing material called for and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws. Also, nothing in this Protective Order, nor the production of any information under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any information, nor shall compliance with this Protective Order operate as an admission as to the admissibility of any information.

20.   **Violations of Protective Order**. In the event that any person or party should violate or threaten to violate the terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief and any other relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. The parties and any

other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

21.     **Modifications to Protective Order**.   The parties may agree in writing to reasonable modifications of this Protective Order.  However, no modification by the parties shall have the force or effect of a Court order unless this Court approves the modification.   This Protective Order shall be without prejudice to the right of the parties to move this Court for modification of this Protective Order on an expedited basis, subject to this Court's approval, so long as each Party has a reasonable time to submit briefing prior to any expedited hearing.

22.     **Binding on All Parties**.  This Protective Order shall be binding on all parties to this Litigation, including without limitation as to any party that may hereafter be added or appear. In the event that any other parties are added or substituted into this case, this Protective Order shall be binding on and inure to the benefit of such new parties.

23.     **Miscellaneous**.

    a.   Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this Litigation or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

    b.   Any non-party to this Litigation who provides Subject Discovery Materials containing a Confidential Designation shall be entitled to avail itself of the provisions and protections of this Protective Order and, by doing so, assumes the duties and obligations imposed by this Protective Order.  Any such non-party desiring to avail itself of the provisions and protections of

this Protective Order shall do so in writing addressed to counsel of record for all the parties to this Litigation.

IT IS SO STIPULATED.

/s/ Attison L. Barnes, III
Attison L. Barnes, III
Wiley Rein LLP
Bar No. 427754
1776 K Street NW
Washington, DC 20006
T: 202.719.738
abarnes@wileyrein.com

*Counsel for Defendant*

/s/ Neil S. Hyman
Neil S. Hyman
Law Office of Neil S. Hyman, LLC
Bar No. 465047
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105
neil@neilhymanlaw.com

*Attorney for Plaintiffs*

It is so ORDERED by the Court this 3d day of January, 2017.

RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROLYN GALLOWAY, et al.            :

      Plaintiffs,                 :

v.                           :      Civil Action No.:
                             :      1:15-cv-0979-RDM

CHUGACH GOVERNMENT SERVICES,    :
INC.                            :

      Defendant.                 :

## EXHIBIT A

### AGREEMENT TO TERMS OF PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Civil Action No. 1:15-cv-0979-RDM) in the United States District Court for the District of Columbia (hereinafter "the Protective Order"). I agree to the following:

1.    I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney, and agree not to use, permit the use of, or disclose to anyone else information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as those terms are defined in the Protective Order) for any purposes other than this action.

2.    I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3.    If I receive documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

4.    I hereby submit myself to the jurisdiction of the United States District Court for the District of Columbia for resolution of any matter pertaining to the Protective Order.

5.    My current address is _____.

6.     My current employer is _____.

DATED: _____

_____
Signature