UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN GALLOWAY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHUGACH GOVERNMENT SERVICES, INC., <br><br> *Defendant*. | Civil Action No. 15-979 (RDM) |

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Release. Dkt. 33. Plaintiffs Carolyn Galloway, Desiree McKeiver, Carlette Ososanya, Amber Turner, Audrey Smith, and Jacqueline King worked as residential advisors at the Potomac Job Corps Center at various times from 2009 to 2016. They have sued Defendant Chugach Government Services, Inc. ("Chugach"), alleging that Chugach failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq.* Specifically, Plaintiffs allege that Chugach required residential advisors to work during meal breaks, but nevertheless deducted an hour of pay from each shift; that residential advisors had to work twenty to thirty minutes past the end of their shifts while awaiting their replacements; and that residential advisors worked more than five eight-hour shifts each week but did not receive overtime compensation for work performed beyond forty hours each week. Dkt. 33-1 at 1–2. On June 28, 2017, the Court conditionally approved a collective action under the FLSA. Dkt. 20; *see also* 29 U.S.C. § 216. Smith, Turner, and King opted in to the suit after receiving notice of the collective action. Dkt. 33-1 at 2.

After engaging in several months of discovery, the parties reached a settlement agreement and have moved for the Court's approval. Although the D.C. Circuit has not resolved whether FLSA settlements must be approved by courts, this Court has routinely reviewed FLSA settlements on the parties' joint motion. *See, e.g.*, *Eley v. Stadium Group, LLC*, 236 F. Supp. 3d 59, 61 (D.D.C. 2017); *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 129–31 (D.D.C. 2014). When reviewing a proposed settlement in an FLSA collective action, the Court conducts a two-step inquiry. First, the Court considers "whether the proposed settlement 'resolves a bona fide dispute.'" *Eley*, 236 F. Supp. 3d at 63 (quoting *Carrillo*, 51 F. Supp. 3d at 131). "A settlement is bona fide if it reflects a reasonable compromise over issues that are actually in dispute." *Id.* (quoting *Sarceno v. Choi*, 78 F. Supp. 3d 446, 450 (D.D.C. 2015)). Second, the Court looks to the totality of the circumstances to determine whether the settlement is fair, reasonable, and adequate, or "a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quoting *Sarceno*, 78 F. Supp. 3d at 450). When attorney's fees are part of the settlement, the Court will also "assess the reasonableness of the fee award." *Id.* The Court discusses these steps in turn.

First, the Court concludes that the settlement in this case resolves a bona fide dispute between the parties. Specifically, the parties do not agree "whether Plaintiffs were paid for all hours worked at the Potomac Job Corp dormitories"—that is, they disagree on the very nub of the case. Dkt. 33-1 at 4. The amount of wages owed, if any, is "the most fundamental question in any FLSA action," making this settlement "a compromise over a bona fide dispute." *Sarceno*, 78 F. Supp. 3d at 450.

Second, the settlement the parties have proposed is fair, reasonable, and adequate. *Id.* at 451 (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). The

agreement before the Court was the result of arm's length negotiations between the parties, which were represented throughout this litigation by counsel experienced in litigating FLSA claims for unpaid wages.  The parties have agreed to settle this matter for $15,000, of which $4,950 will go toward attorney's fees and costs.  Dkt. 33-1 at 5.  The rest of the settlement "will be distributed among the six plaintiffs on a pro-rata basis proportional with their period of employment falling within the two-year statute of limitations."  *Id.*

Considering first the proportion of the settlement amount to be paid as attorney's fees, the Court concludes that it is fair and reasonable for three reasons.  First, the amount is slightly below the contingency fee agreed to by Plaintiffs.  *Id.* at 8 (33% as compared to 35%).  Second, Plaintiffs' counsel has more than ten years of experience in wage and hour litigation, and did a substantial amount of work in this case, including briefing a motion to dismiss, briefing a motion for conditional certification, and conducting discovery.  Third, numerous settlements with similar or greater provisions for attorney's fees have previously been approved in this district.  *Eley*, 236 F. Supp. 3d at 65 (approving attorney's fees of 37%); *Sarceno*, 78 F. Supp. 3d at 452 (approving attorney's fees of "less than half of the total recovery"); *Carrillo*, 51 F. Supp. 3d at 134 (approving attorney's fees of greater than half of the total recovery).

The Court also concludes that the total recovery is fair, reasonable, and adequate in light of the parties' proffers regarding the evidence exchanged during discovery.  Although Plaintiffs possessed documents indicating the work and wage discrepancies giving rise to this suit, discovery revealed additional documents contradicting or calling into question those claims (and indeed the authenticity of the documents possessed by Plaintiffs).  Dkt. 33-1 at 6–7 & n.2.  Defendant, moreover, indicated that it intended to file a motion to decertify the collective action as a result of factual differences between Plaintiffs' allegations.  *Id.* at 8 n.3.  Taken together,

"Plaintiffs would likely face myriad difficulties in obtaining a judgment if litigation continued, which makes settlement a reasonable alternative." *Eley*, 236 F. Supp. 3d at 65.

## CONCLUSION

Having reviewed the monetary terms of the settlement, it is hereby **ORDERED** that the Joint Motion for Approval of Settlement Agreement and Release, Dkt. 33, is **GRANTED** and the Settlement Agreement is **APPROVED**. It is further **ORDERED** that this action be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 10, 2018